**STATE of Minnesota, Respondent,**

v.

**David Shafer ANDERSON, Appellant.**

**No. C5–00–855.**

Court of Appeals of Minnesota.

Dec. 19, 2000.

Mike Hatch, Attorney General, St. Paul, and Thomas N. Kelly, Wright County Attorney, Anne L. Mohaupt, Assistant Wright County Attorney, Buffalo, for respondent.

David G. Roston, Segal, Roston & Berris, P.L.L.P., Minneapolis, for appellant.

Considered and decided by WILLIS, Presiding Judge, CRIPPEN, Judge, and PETERSON, Judge.

## OPINION

CRIPPEN, Judge.

Appellant disputes the trial court's refusal to suppress evidence obtained when an officer stopped appellant for passing by a barricade marked "road closed local traffic only." Because the evidence shows that the officer had no reason to suspect that appellant's conduct was not wholly lawful, we reverse.

## FACTS

A Wright County officer stopped appellant Anderson for driving around a barricade marked "road closed local traffic only." Although the road was under construction, it was passable, and there were other roads that led into the area. The officer stationed at the barricade was engaged in stopping every car to verify whether the driver was an area resident.

The record contains some evidence that the officer stopped numerous cars but is devoid of any evidence regarding the duration and frequency of the stops or any suggestion that the officer knew appellant or any other drivers were using the road for purposes other than local-traffic use.

## ISSUE

Did the trial court err in denying appellant's motion to suppress the evidence?

## ANALYSIS

In reviewing pretrial suppression orders, this court independently reviews the facts and determines as a matter of law whether the trial court erred in its decision. *State v. Harris,* 590 N.W.2d 90, 98 (Minn.1999).

In order to conduct a stop for limited investigatory purposes, an officer "must have reasonable articulable suspicion of criminal activity." *State v. Munson,* 594 N.W.2d 128, 136 (Minn.1999) (citing *Terry v. Ohio,* 392 U.S. 1, 21–22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968)). "All that is required is that the stop be not the product of mere whim, caprice, or idle curiosity." *Marben v. State, Dep't of Pub. Safety,* 294 N.W.2d 697, 699 (Minn.1980) (quotation omitted). Ordinarily, an officer's observation of a traffic-law violation will provide an objective basis to support a stop. *State v. George,* 557 N.W.2d 575, 578 (Minn.1997).

The state insists that, under these circumstances, the officer had reason to believe that appellant might have been violating the law because Minn.Stat. § 160.27, subd. 5(14) (1998), provides that it is a misdemeanor to drive around a barricade erected to close a road to public traffic. But the state does not deny, based on the record here, that the officer had no reason to believe that appellant was acting unlawfully.

Under these circumstances, the officer's belief that a traffic offense was occurring was not based on a reasonable, articulable suspicion. *Cf. United States v. Sokolow,* 490 U.S. 1, 9–10, 109 S.Ct. 1581, 1586–87, 104 L.Ed.2d 1 (1989) (finding that a series of wholly lawful acts, when taken together, can warrant further investigation). In

*Britton,* the Minnesota Supreme Court evaluated the constitutionality of stopping someone solely for driving a car with a broken window. *State v. Britton,* 604 N.W.2d 84, 88–89 (Minn.2000). The court found that the record contained no evidence of an assessment, based either on training or experience, that appellant's broken window indicated that the car was stolen; thus, the court concluded that evidence obtained as a result of the stop should have been excluded. *Id.* at 89.

Here, the record contains no evidence of circumstances sufficient to warrant the investigative stop of appellant. Because the stop was based on enforcing traffic movement restrictions in a specific geographic area, it was not wholly whimsical. But the officer stopped appellant without any reason to believe that a violation of law was occurring. The information available to the officer was consistent with a conclusion that appellant was acting lawfully. In fact, there is no evidence in the record to indicate that any citizens had violated or were violating the local-traffic-only restriction. Appellant claims that he was within the broad parameters of the definition of local traffic and he was never charged with the misdemeanor offense.

The United States Supreme Court noted the illegality of stops such as the one involved in this case when it evaluated warrantless stops to enforce the National Prohibition Act:

> It would be intolerable and unreasonable if a prohibition agent were authorized to stop every automobile on the chance of finding liquor, and thus subject all persons lawfully using the highways to the inconvenience and indignity of such a search.

*Carroll v. United States,* 267 U.S. 132, 153–54, 45 S.Ct. 280, 285, 69 L.Ed. 543 (1925). We conclude that the impact of this decision is not diminished by the fact that the stop of appellant, in a limited geographic area where violations might occur, was less than wholly whimsical. The officer could not reasonably state a basis to stop a driver without articulation of more specific cause to believe that the driver was not acting lawfully.

Appellant contends that the stops, which involved numerous cars, constituted an unlawful checkpoint. This argument merely restates appellant's concerns about the stop; a series of stops not individually justified based on appellant's or anyone else's conduct could only be part of a checkpoint. The state concedes that a checkpoint would not be justified under these circumstances. *See Ascher v. Commissioner of Pub. Safety,* 519 N.W.2d 183, 186 (Minn.1994) (articulating the burden for departure from the general requirement of individualized suspicion).

### DECISION

The record does not contain sufficient evidence to justify the stop of appellant. The motion to suppress the evidence should have been granted and the trial court erred in denying it. Because the state does not suggest that prosecution of the case is viable after this suppression, we reverse.

**Reversed.**